IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN GARDNER,<br><br>        Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES,<br><br>        Respondent. | 8:22CV63<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on initial review of Petitioner Justin Gardner's Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. The court will dismiss the petition because it is a successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

    The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id*.

This court's records reflect that Gardner's petition is successive. Gardner seeks habeas relief with respect to Douglas County District Court Case No. CR15-2366. However, the court previously denied Gardner habeas relief for Case No. CR15-2366 because the case was dismissed without prejudice on September 22, 2015, and no conviction or sentence was entered against Gardner. *See Gardner v. State of Nebraska*, No. 8:18CV557 (D. Neb. Jan. 4, 2019) (Filing 8, dismissing petition with prejudice); *see also Gardner v. Boyd*, No. 8:21CV121 (D. Neb. June 28, 2021) (Filing 8, dismissing successive petition with prejudice for lack of jurisdiction). Thus, Gardner would be required to seek the permission of the Eighth Circuit Court of Appeals to commence this second action. 28 U.S.C. § 2444(b)(2)

& (3)(A). He has not done so, and this matter must be dismissed.[1] *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Gardner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that the habeas corpus petition (filing 1) is dismissed with prejudice. No certificate of appealability has been or will be issued in this matter. The court will enter judgment by separate document.

Dated this 2nd day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] I will dismiss this matter with prejudice as there is no conviction or sentence in Case No. CR15-2366 for which Gardner could seek habeas relief. (*See* Filing 8, Case No. 8:18CV557.)